**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NATURE'S PLUS NORDIC A/S and
DERMAGRUPPEN A/S,

      Plaintiffs,  **SHORT ORDER**
             09-CV-04256 (ADS)(AKT)
  -against-

NATURAL ORGANICS, INC., HOUSE OF
NATURE A/S, HANS KARE LUNDESTAD,
and ORGANIC HOUSE A/S,

      Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**Fox Rothschild LLP**
*Attorneys for the Plaintiffs*
997 Lenox Drive Bldg. 3
Lawrenceville, NJ 08648
  By: Christopher Robert Kinkade, Esq.
     Ernest Edward Badway, Esq., Of Counsel

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Defendant Natural Organics, Inc.*
990 Stewart Avenue, Suite 300
Garden City, NY 11530
  By: Kevin Schlosser, Esq.
     Michael J. Antongiovanni, Esq., Of Counsel

**SPATT, District Judge**.

On October 2, 2009, Nature's Plus Nordic A/S ("NPN") and, its parent company, Dermagruppen A/S ("Dermagruppen") (collectively the "Plaintiffs") filed this action alleging (1) breach of contract; (2) violation of the Lanham Act, 15 U.S.C. § 1125(a) based on unfair competition; (3) violation of the New York Franchise Sales Act ("NYFSA"), General Business Law §§ 681 et seq.; and other related claims arising out of an agreement between NPN, previously known as Benevo A/S ("Benevo"), and the Defendant Natural Organics, Inc. ("NOI")

1

to distribute health supplements manufactured by NOI to retail stores in Norway, Sweden, Denmark, and Finland.

On October 28, 2009, NOI answered the complaint, and asserted counterclaims against the Plaintiffs for breach of the distribution contract and violation of the duty of good faith and fair dealing.

Default judgments have been entered against the Defendants House of Nature A/S, Hans Kare Lundestad, and Organic House A/S. Thus, claims remain pending only against NOI.

Although this case has yet be certified trial-ready, on May 6, 2013, NOI moved to exclude the testimony of Dr. Warren J. Keegan, PhD., with regard to NPN's "lost profits."

On May 20, 2013, the Plaintiffs opposed NOI's motion to exclude the testimony of Keegan and cross-moved to exclude the testimony of Dr. Glenn Meyers, PhD. and James Gibbons, as rebuttal witnesses to Dr. Keegan, and to strike the Declaration of Kevin Schlosser, Esq., dated May 6, 2013, submitted in support of NOI's motion in limine.

On June 25, 2013, the Plaintiffs moved for partial summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 on their breach of contract claim in the amended complaint. NOI opposed the motion, and, on August 7, 2013, cross-moved for partial summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the Plaintiffs' breach of contract claim and the NYFSA claim. As to the breach of contract claim, NOI asserted that NPN failed to prove that it sustained legally recognizable damages – namely, "lost profits" – as a result of the alleged breach.

Of relevance here, on November 6, 2013, the Court (1) granted in part and denied in part the Plaintiffs' motion for partial summary judgment on their breach of contract claim; (2) granted

in part and denied in part NOI's cross motion for partial summary judgment dismissing the Plaintiffs' breach of contract and NYFSA claims.

## I. DISCUSSION

As to NOI's motion in limine, Keegan is a Professor of marketing and business at Pace University who has published in leading journals in his field. To calculate NPN's "lost profits," Keegan utilized existing sales data for what he claims was a competing product line, Solaray, that Life, a retail company, had previously announced would be replacing with comparable NOI products from NPN. Keegan then applied assumptions based on the Life market share in the Nordic region which he drew in part from the testimony of Hallgeir Andal, founder and former Chief Executive Officer of Life.

In the summary judgment decision, the Court found that although NPN lacked a track record of profits, lost profits could be based on the comparable sales of a competitor, such as Solaray, in the context of relatively new businesses like NPN. Further, the Court emphasized that "[w]hether and to what extent Solaray products are comparable to NPN's products, or are a reliable indicator of NPN's profitability, cannot be decided at the summary judgment stage." Nature's Plus Nordic A/S v. Natural Organics, Inc., 09-CV-04256 (ADS)(AKT), 2013 WL 5942257, at *13 (E.D.N.Y. Nov. 6, 2013). Consistent with this finding, the Court denies NOI's motion to exclude the testimony of Keegan, the Plaintiffs' "lost profit" expert.

As to NPN's motion in limine, Meyers is currently a Managing Director in the forensic and litigation consulting practice of FTI Consulting, a global company. Meyers composed a report detailing, in his view, the shortcomings of Keegan's "lost profits" analysis, including its failure to consider, among other things, NPN's longstanding debt, prior lack of profits, and internal managerial and operational issues.

3

Gibbons is the President of NOI.  Gibbons has 25 years of experience working in the vitamin and dietary supplement industry.  Similar to Meyers, Gibbons critiques Keegan's analysis, including its failure to consider NPN's future competition, the pricing of NPN's products, and the marketing of NPN's products.

The Court notes that "expert opinions [like Meyers and Gibbons's analyses] which assess or critique another expert's substantive testimony are relevant." Deutsch v. Novartis Pharm. Corp., 768 F. Supp. 2d 420, 483-84 (E.D.N.Y. 2011), citing In re Cessna 208 Series Aircraft Prods. Liab. Litig., No. 05–MD–1721, 2009 WL 1649773, at *1 (D. Kan. June 9, 2009) ("The expert reports of [defendant's] experts primarily critique the methodology and scientific principles which plaintiffs' experts use to arrive at their conclusions.  Such evidence, which attacks the opposing expert's substantive testimony, is proper rebuttal.").  Further, in order to properly rebut Keegan's testimony, Meyers and Gibbons need not provide an independent analysis of "lost profits."

In addition, the Court discerns no basis to strike Schlosser's Declaration.  Accordingly, the Court denies NPN's motion in limine to exclude the testimony of Meyers and Gibbons and to strike Schlosser's Declaration.

For the foregoing reasons, the Court (1) denies without prejudice NOI's motion in limine to exclude the testimony of Keegan and (2) denies without prejudice NPN's motion in limine to exclude the testimony of Meyers and Gibbons and to strike Schlosser's Declaration.

**SO ORDERED.**
Dated: Central Islip, New York
December 20, 2013

                *Arthur D. Spatt*
                ARTHUR D. SPATT
                United States District Judge