**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NATURE'S PLUS NORDIC A/S,

                Plaintiff,

                            **DECISION AND ORDER**
      -against-                   09-CV-4256 (ADS)(AKT)

NATURAL ORGANICS, INC.,

                Defendant.
----------------------------------------------------------X
**APPEARANCES:**

**Fox Rothschild LLP**
*Attorneys for the Plaintiff*
997 Lenox Drive Bldg. 3
Lawrenceville, NJ 08648
   By:  Ernest Edward Badway, Esq.
         Christopher Robert Kinkade, Esq.
         Gerard P. Norton, Esq., Of Counsel

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Defendant*
990 Stewart Avenue, Suite 300
Garden City, NY 11530
   By: Kevin Schlosser, Esq.
        Daniel B. Rinaldi, Esq.
        Michael J. Antongiovanni, Esq., Of Counsel

**SPATT, District Judge**.

      Familiarity with the factual and procedural history of this case, commenced in 2009, is presumed.

      On January 23, 2015, a unanimous jury returned a verdict in favor of the Plaintiff Nature's Plus Nordic A/S (the "Plaintiff") in the amount of $4,433,263 in connection with a breach of contract on August 6, 2009 by the Defendant Natural Organics, Inc. (the "Defendant") of the parties' distribution agreement.

Thereafter, the Plaintiff made an oral motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 50 for judgment as a matter of law. The Court denied that motion, but granted the Plaintiff's request to reserve its right to file a formal Rule 50 motion.

The Court also engaged in the following colloquy with the Defendant's counsel:

> MR. SCHLOSSER: The defendant reserves his right to make a Rule 50, a renewed motion, combined with the Rule 59 motion within the time stated within the rules which I believe is 28 days from the entry of judgment in this case, your Honor.
>
> And I have a question whether -- to you. Do you await the motion for entry of a judgment in this respect?
>
> THE COURT: Well, if you are going to make a motion, I'll wait for your motion, but you have to do it within the time limits.
>
> MR. SCHLOSSER: Yes, we will do that, your Honor.

(Trans. at 1255.)

To date, judgment based on the January 23, 2015 money damages jury verdict has not been entered.

On February 6, 2015, two weeks after the jury verdict was rendered, the Plaintiff moved for (1) entry of judgment in the amount of $4,433,263 based on the verdict; (2) prejudgment interest in the amount of $2,667,213.69 as provided by Section 5001, *et seq*., of the New York Civil Practice Law and Rules ("CPLR"); (3) post-judgment interest at the statutory calculated from the date of the entry of the judgment pursuant to 28 U.S.C. § 1961(a); and (4) costs in the amount of $629,582.53 pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

On February 13, 2015, the Court "So-Ordered" a stipulation entered into by the parties whereby the Plaintiff agreed to set a new return date on the February 6, 2015 motion and the parties agreed to a briefing schedule on the motion for entry of judgment and other anticipated post-trial motions. The parties so stipulated "without waiving any procedural or substantive rights or arguments as to such motions." (Docket No. 346.)

On February 13, 2015, the Plaintiff filed an amended motion seeking the same relief as in the original February 6, 2015 motion, but proposed a new return date. However, notwithstanding some confusion between the Court and the parties, per Section IV(B)(2) of the Court's Individual Rules, a "notice of motion need not contain a return date." Therefore, the Court denies as duplicative the Plaintiff's amended motion dated February 13, 2015.

On February 20, 2015, in accordance with the February 13, 2015 Court-ordered briefing schedule, the Defendant formally moved pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law, or, in the alternative, pursuant to Fed. R. Civ. P. 59 for a new trial.

The Court now considers that part of Plaintiff's February 6, 2015 motion for entry of judgment in the amount of $4,433,263 based on the January 23, 2015 jury verdict.

As noted above, on January 23, 2015, following the issuance of the jury verdict, the Court directed the Defendant to make any Rule 50 or Rule 59 motions "within the time limits." At that time, the Court did not independently set its own briefing schedule on such motions.

Of relevance here, Rules 50(b) and 59(b) require that such motions be submitted "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b), 59(b)(emphasis added); see also Dotson v. City of Syracuse, 549 F. App'x 6, 7 (2d Cir. 2013)(citing Rule 50 and 59). Thus, until entry of judgment is entered, the time to make Rule 50 and 59 motions does not to begin to

3

run. Indeed, if judgment were entered months or years after the issuance of a jury verdict, the Defendant could still make a Rule 50 or Rule 59 motion that is timely under those statutes. For that matter, as a logical matter, a party against whom a jury verdict was returned has no reason to make a Rule 50 or Rule 59 motion for judgment as a matter of law until judgment is entered against it.

Further, the prejudice suffered by party who has obtained a jury verdict in its favor, but who is required to await entry of judgment in its favor until after disposition of Rule 50 and Rule 59 motions, is significant. If those motions are ultimately unsuccessful, that party will have been needlessly required to wait an additional indeterminate period of time for entry of judgment based on the jury verdict and will only then be able to take steps to collect on that judgment. Further, delaying entry of judgment in this way unfairly benefits the opposing party not only because it is not presented with a judgment with which it must comply, but, absent a Court-ordered briefing schedule, has an indefinite time to prepare Rule 50 and Rule 59 motions. The Court notes of course that a party against whom a judgment is entered, but who intends to bring a Rule 50 or 59 motion or intends to appeal that judgment, may (1) seek to negotiate a representation from the opposing party that the opposing party will not seek to enforce the judgment until disposition of those motions and/or any appeals or (2) move in the District Court to stay enforcement of the judgment pending resolution of those motions and/or appeals.

Here, presumably the only reason the Defendant has made its Rule 50 and Rule 59 motions already is because, after the Plaintiff moved for entry of judgment based on a two-week old jury verdict, the Court set its own briefing schedule on such motions. However, the fact that the Court set a briefing schedule on these motions does nothing to alleviate the prejudice the Plaintiff will have suffered by delaying entry of judgment if those motions are ultimately denied.

4

In addition, in this case, the prejudice works both ways. At this point, the Court has not set a briefing schedule on the Plaintiff's contemplated Rule 50 motion. Therefore, by delaying entry of judgment, the Plaintiff is being given an indefinite time to prepare such a motion.

Relatedly, delaying entry of judgment in this way may needlessly prolong any appeals process by months if not years. This is because, pursuant to Federal Rule of Appeal Procedure ("Fed. R. App. P.") 4(a)(1)(a), in most civil cases, a party must file a notice of appeal "with the district court clerk within 30 days <u>after</u> entry of the judgment or order appealed from." <u>Kleehammer v. Monroe Cnty.</u>, 583 F. App'x 18, 19 (2d Cir. 2014)(quoting Fed. R. App. P. 4(a)(1)(a))(emphasis added). By delaying entry of judgment, the parties, in particular the Defendant in this case, are given a theoretically indefinite time to prepare for any appeals process.

To be sure, nothing in the Federal Rules of Civil Procedure requires immediate entry of judgment following a jury verdict. However, Rules 50 and Rule 59 clearly contemplate that such motions may be made and decided after entry of judgment.

At this point, the Court briefly reviews the approach it has taken in some of its recent jury trial cases. In <u>Barrella v. Vill. of Freeport</u>, No. 12-CV-348 (ADS)(WDW), on May 28, 2014, the jury returned a money damages verdict in favor of the Plaintiff. That day, the Court entered judgment based on the verdict. The parties then filed timely post-trial motions pursuant to Fed. R. Civ. P. 50 and 59, motions for attorneys' fees and costs, and cross-appeals based on the judgment. The Court decided the post-trial motions and motions for attorneys' fees and costs, and an additional judgment based on that order was entered. Appeals of the multiple judgments are pending before the Court of Appeals for the Second Circuit.

5

In Legurnic v. Ciccone, 09-cv-1436 (ADS)(AKT), on April 4, 2014, the jury returned a money damages verdict in favor of the Plaintiff. On May 7, 2014, more than one month after issuance of the jury verdict, the Plaintiff filed a motion to enter judgment based on that verdict. The following day, on May 8, 2014, without waiting for opposition from the Defendant, the Court entered judgment in favor of the Plaintiff based on the jury verdict. The Defendant then filed a timely post-trial motion pursuant to Fed. R. Civ. P. 50 and 59. On November 25, 2014, the Court granted the Defendant's Rule 50 motion. That day, the Court entered an amended judgment in favor of the Defendant.

In Rosello v. The Long Island Railroad Company, 11-cv-5447 (ADS)(SIL), on September 17, 2013, the jury returned a money damages verdict in favor of the Plaintiff. The Court did not enter judgment based on that verdict, but rather set a briefing schedule for post-trial motions. On September 16, 2014, almost exactly a year after the issuance of the jury verdict, the Court denied the Defendant's Rule 50 and Rule 59 motions. On October 3, 2014, the Court directed the Clerk of the Court to enter a judgment based on the verdict. On October 9, 2014, a judgment based on the September 17, 2013 verdict was entered in favor of the Plaintiff.

Finally, in Lawson v. County of Suffolk, 10-cv-1683 (ADS)(WDW), on March 27, 2012, the jury returned a verdict in favor of the Defendant. The same day, the Court entered judgment in favor of the Defendant. The Plaintiff then filed a timely Rule 50 and Rule 59 motion. On January 26, 2013, the Court denied the Plaintiff's post-trial motions.

Based on a review of the Court's most recent jury trial cases, it is clear that in some instances, namely Barrella and Lawson, the Court has entered judgment immediately following the issuance of a jury verdict. In Legurnic, the Court granted a party's motion to enter judgment based on a weeks-old jury verdict without waiting for opposition from the other party. Finally,

6

in Rosello, where the Court declined to enter judgment until disposition of the Rule 50 and 59 motions, the judgment based on a jury verdict in favor of the Plaintiff was ultimately not entered until more than a year after the issuance of the verdict.

In the Court's view, the appropriate course of action, consistent with the Court's own approach in Barrella, Lawson, and Legurnic, is to grant that part of the Plaintiff's motion dated February 6, 2015 seeking entry of judgment in the amount of $4,433,263 based on the January 23, 2015 jury verdict. The Court grants this motion notwithstanding its previous statement on the record that it would delay entry of judgment provided the Defendant made its post-trial motion "within the time limits" because, upon further review of Rule 50 as noted above, the relevant time limits do not begin to run until after entry of judgment.

In sum, the Court finds that delaying entry of judgment following a jury verdict would prejudice the party who obtained the verdict; bestows an unwarranted tactical advantage on the opposing party for purposes of post-trial motions and appeals; and needlessly prolongs any appeals process. There being no legally sound reason to delay entry of judgment based on the January 23, 2015 verdict, the Court follows its own approach taken in recent cases such as Barrella, Lawson, and Legurnic and grants that part of the Plaintiff's motion dated February 6, 2015 seeking entry of judgment in the amount of $4,433,263 based on that jury verdict. The Court will enter judgment concurrently with this Decision and Order.

The Court reserves decision on the balance of the requested relief in the Plaintiff's February 6, 2015 motion and the Defendant's February 20, 2015 Rule 50 and Rule 59 motion. As noted above, the Court denies as duplicative the Plaintiff's amended motion dated February 13, 2015 seeking entry of judgment in the amount of $4,433,263 based on the January 23, 2015 jury verdict. Finally, the Plaintiff is advised that, pursuant to Rule 50 and 59, any motions

pursuant to those statutes must be made within 28 days of the entry of the judgment based on the

January 23, 2015 jury verdict.

**SO ORDERED.**

Dated: Central Islip, New York
February 21, 2015

                                                   _/ Arthur D. Spatt /_
                                                    ARTHUR D. SPATT
                                                  United States District Judge