**FILED**
**CLERK**

6/5/2015 3:06 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
NATURE'S PLUS NORDIC A/S and
DERMAGRUPPEN A/S,

               Plaintiffs,

        -against-

NATURAL ORGANICS, INC., HOUSE OF
NATURE A/S, ORGANIC HOUSE A/S, and
HANS KARE LUNDESTAD,

              Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**
09-cv-4256 (ADS)(AKT)

<u>**APPEARANCES:**</u>

**Fox Rothschild LLP**
*Attorneys for the Plaintiffs*
997 Lenox Drive Bldg. 3
Lawrenceville, NJ 08648
      By: Ernest E. Badway, Esq.
         Christopher R. Kinkade, Esq.
         Gerard P. Norton, Esq., Of Counsel

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Defendant Natural Organics, Inc.*
990 Stewart Avenue, Suite 300
Garden City, NY 11530
      By: Kevin Schlosser, Esq.
         Daniel B. Rinaldi, Esq.
         Michael J. Antongiovanni, Esq., Of Counsel

<u>**NO APPEARANCES:**</u>

*The Defendants House of Nature A/S; Organic House A/S; and Hans Kare Lundestad*

**SPATT, District Judge.**

      Familiarity with the factual and procedural history of this case is presumed.

      On October 2, 2009, the Plaintiffs Nature's Plus Nordic A/S ("NPN") and

Dermagruppen A/S commenced this action asserting various state law claims against the

1

Defendant Natural Organics, Inc. ("NOI") and the former Defendants House of Nature A/S ("House of Nature"), Hans Kare Lundestad ("Lundestad"), and Organic House A/S ("Organic House"), including breach of contract based on a Distributorship Agreement entered into between NPN (then known as Benevo A/S) and NOI. NPN also raised a claim for a violation of the New York Franchise Sales Act ("NYFSA") and General Business Law §§ 681 *et seq.*

On September 21, 2011, the Court entered a default judgment against Organic House, but to avoid inconsistent judgments, deferred calculation of damages pending resolution of NPN's claims against the non-defaulting Defendants.

On February 7, 2012, the Court entered a default judgment against House of Nature and Lundestad but again, to avoid inconsistent judgments, deferred calculation of damages pending resolution of NPN's claims against the non-defaulting Defendant, NOI.

On November 6, 2013, as relevant here, the Court granted in part and denied in part a motion by NOI for partial summary judgment dismissing NPN's breach contract and NYFSA claims.

The Court held a jury trial from January 7, 2015 through January 23, 2015. On January 23, 2015, a unanimous jury verdict was rendered for breach of contract in favor of NPN in the amount of $4,433,263 for "out of pocket expenses during the term of the contract to August 6,

2009." The jury awarded zero damages to NPN for alleged lost profits during the term of the contract, from 2009 to 2017.

Thereafter, NPN made an oral motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 50 for judgment as a matter of law. The Court denied that motion, but granted NPN's request to reserve its right to file a formal Rule 50 motion.

On February 6, 2015, NPN moved for (1) entry of judgment in the amount of $4,433,263 based on the January 23, 2015 verdict; (2) pre-judgment interest in the amount of $2,667,213.69 as provided by Section 5001, et seq., of the New York Civil Practice Law and Rules ("CPLR"); (3) post-judgment interest at the statutory rate calculated from the date of the entry of the judgment pursuant to 28 U.S.C. § 1961(a); and (4) costs in the amount of $629,582.53 pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Civil Rule 54.1.

On February 13, 2015, NPN filed an amended motion for (1) entry of judgment in the amount of $4,433,263 based on the January 23, 2015 verdict; (2) pre-judgment interest in the amount of $2,180,801.01; (3) post-judgment interest at the federal statutory rate calculated from the date of the entry of the judgment; and (4) costs in the amount of $150,272.83.

On February 20, 2015, the Defendant NOI moved pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law, or, in the alternative, pursuant to Fed. R. Civ. P. 59 for a new trial.

On February 24, 2015, upon a Court order, the Clerk of the Court entered judgment based on the jury verdict.

On March 6, 2015, NOI appealed the judgment to the United States Court of Appeals for the Second Circuit.

On March 9, 2015, NOI moved by order to show cause pursuant to Fed. R. Civ. P. 62(d) for (1) approval of its *supersedeas* bond in the amount of $4,433,263 and (2) granting a stay of execution of the judgment pending resolution of NOI's appeal to the Second Circuit.

On March 13, 2015, the Court (1) granted NOI's motion by order to show cause; (2) approved the *supersedeas* bond; and (3) stayed NPN from executing on the judgment pending resolution of NOI's appeal to the Second Circuit.

On March 26, 2015, NPN moved pursuant to Fed. R. Civ. P. 55(B)(2) for, among other items of relief, (1) pre-judgment interest in the amount of $2,180,801.01, as provided by Section 5001, *et seq.*, of the CPLR; (3) damages in the amount of $136,670.02 for the claims contained in Counts 5 through 11 of the First Amended Complaint, dated January 26, 2011; (4) punitive damages in the amount of $136,670.02 based upon the First Amended Complaint; (5) attorneys' fees and costs in the amount of $1,189,954.40; (6) post-judgment interest at the federal statutory rate calculated from the date of the entry of the judgment; and (7) costs in the amount of $150,272.83 pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and

Local Civil Rule 54.1.

On March 27, 2015, the Court issued an order making several rulings. In particular, the Court directed the Clerk of the Court to reinstate House of Nature, Organic House, and Lundestad as Defendants in this action; reserved decision on that part of the March 26, 2015 motion seeking pre-judgment interest; and referred the balance of the requested relief in the March 26, 2015 motion to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether damages should be awarded, including reasonable attorneys' fees, costs, and interest against House of Nature, Organic House, and Lundestad.

On April 14, 2015, of relevance here, the Court granted in part and denied in part NOI's Rule 50 motion for judgment as a matter of law. The motion was granted so as to vacate that portion of the "out of pocket" expenses jury award based on employee severance pay in the amount of $133,192. The motion was otherwise denied. The Court denied NOI's alternative Rule 59 motion.

As to NPN's February 13, 2015 amended motion for pre-judgment interest, post-judgment interest, and costs, the Court denied this motion without prejudice with leave to renew to account for the Court's ruling on the severance pay. The Court set a briefing schedule on this contemplated motion and indicated that it would enter an amended judgment following disposition of NPN's requests for pre- and post-judgment interest.

On April 28, 2015, NPN filed a renewed motion for entry of judgment awarding it

(1)  damages in the amount of $4,300,071, pursuant to the April 14, 2015 order;

(2) pre-judgment interest in the amount of $2,115,281.50 as provided by Section 5001, *et seq.*,

of the CPLR owed from the date of the breach, August 6, 2009, through the date of the jury

verdict, January 23, 2015; and (3) post-judgment interest on the recalculated jury award of

$4,300,071 at the statutory rate calculated from the date of the entry of the judgment pursuant

to 28 U.S.C. § 1961(a).

The $4,300,071 figure represents a recalculation of damages from $4,433,263, the

initial amount as determined by the jury's verdict of January 23, 2015.  NPN withdrew its

request for taxation of costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local

Civil Rule 54.1, without prejudice, reserving the right to renew the request at an appropriate

juncture in accordance with Local Civil Rule 54.1(a) and any applicable pre and post-judgment

interests on any such recoverable costs.

The Court grants that part of NPN's motion for damages in the amount of $4,300,071,

after subtracting the severance pay of $133,192 from the initial award of $4,433,263 in

accordance with the April 14, 2015 order.  The amended judgment will reflect this recalculated

amount.

The Court next turns to NPN's request for pre-judgment interest.

"Where prejudgment interest is sought on a claim brought pursuant to state law in a federal diversity action, the award is a substantive issue that is governed by state law." Harbinger F&G, LLC v. OM Grp. (UK) Ltd., No. 12 CIV. 05315 (CRK), 2015 WL 1334039, at *34 (S.D.N.Y. Mar. 18, 2015); Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999)(citations omitted)(explaining that pre-judgment interest is a matter of substantive law).

Here, Section 5001 of the CPLR governs the calculation of pre-judgment interest and Section 5004 of the CPLR sets a statutory interest rate of nine percent per annum. See Hernandez v. NJK Contractors, Inc., No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015). Further, "[u]nder § 5001, prejudgment interest on damages in a case for breach of contract is mandatory." Harbinger F&G, LLC, 2015 WL 1334039, at *35.

Indeed, "th[e Second Circuit] and the New York Court of Appeals have repeatedly reiterated the mandatory nature of prejudgment interest under § 5001(a) in non-equitable contract [] cases." Arizona Premium Fin. Co. v. Employers Ins. of Wausau, of Wausau Am Mut. Co., 586 F. App'x 713, 717 (2d Cir. 2014); see e.g., New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 607 (2d Cir. 2003)(quoting Rule 5001(a)); D'Addario & Co., Inc. v. Embassy Indus., Inc., 20 N.Y.3d 113, 957 N.Y.S.2d 275, 980 N.E.2d 940, 942 (2012)(quoting Rule 5001(a)); World of Boxing v. King, No. 14–cv–3791 (SAS), 2015 WL 427225, at *5 n. 34 (S.D.N.Y. February 2, 2015)("It is black letter New York law

that parties that prevail on breach of contract claims are presumptively entitled to collect prejudgment interest in addition to contract damages.").

"The purpose of prejudgment interest is to compensate parties for the loss of the use of money they were entitled to receive, taking into account the 'time value' of money." Kassis v. Teachers' Ins. & Annuity Ass'n, 13 A.D.3d 165, 165, 786 N.Y.S.2d 473, 474 (1st Dep't 2004)(citation omitted); McCoy v. Goldberg, 810 F. Supp. 539, 547 (S.D.N.Y. 1993)("The intent of awarding prejudgment interest under CPLR § 5001 is to compensate an aggrieved party for damages due to the loss of the use of money or its equivalent, or a loss of the opportunity to realize a fair return on that money.").

In this case, relying on Bulk Oil (U.S.A.), Inc. v. Sun Oil Trading Co., 697 F.2d 481, 486 (2d Cir. 1983) and Elvin Assocs. v. Aretha Franklin, 735 F. Supp. 1177, 1183 (S.D.N.Y. 1990), NOI argues that NPN is not entitled to pre-judgment interest on the recalculated jury award because NPN failed to proffer any evidence that it was, or will be, required to pay interest on any of the alleged unpaid debt it incurred in reliance upon a contract.

In Bulk Oil, the plaintiff Bulk Oil ("Bulk") had contracted to sell a buyer $4,000,000 worth of fuel oil. To perform, Bulk bought the oil from a third-party supplier and financed the transaction by borrowing from a bank. After the buyer refused to pay for the delivery, Bulk incurred continuing interest charges.

After determining that post-breach interest payments were recoverable under the

relevant provision of the New York Uniform Commercial Code, the Second Circuit considered

the question whether Bulk was entitled to pre-judgment interest on these interest payments.

First, the court noted that pre-judgment interest is founded on the principle:

> that the aggrieved party has been damage[d] by a loss of the use of money or its
> equivalent and that unless interest is added the party aggrieved is not made
> whole.  Statutory interest is compensation for the use of money.

697 F.2d at 484–85.

However, the Second Circuit held that it was not bound to award pre-judgment interest

under CPLR § 5001, where such an award would "amount to a double recovery." Id. at 485.

The Court explained:

> Referring to the statutory language, "[i]nterest shall be recovered," [plaintiff] argues

that statutory interest is mandated by CPLR § 5001. We reject that argument.  Our function is

not to read the statute literally but to give effect to the legislative intent." Id. at 486 n. 12

(citations omitted).

With this approach in mind, the Second Circuit outlined the issue regarding

pre-judgment interest in Bulk Oil:

> [I]n the instant case, the contract called for Sun to pay Bulk $3,892,807.52 by
> June 4, 1981.  On that date, Bulk owed Chase $3,860,000.00 on the loan.
> Because Sun did not pay when it should have under the contract, Bulk was
> forced to make monthly interest payments to Chase.  Now that Sun has paid
> Bulk the contract price and we have ruled that Sun must reimburse Bulk for

9

Bulk's monthly payments (and also pay Bulk statutory interest on the monthly payments), Bulk is in the position it would have been in had Sun paid Bulk in performance of the contract. An award of statutory interest to Bulk on that part ($3,860,000.00) of the contract price which Bulk would have used to pay off the loan would be a windfall.

This analysis, however, does not apply to the excess of the contract price over the amount of the loan, $32,807.52. Had Sun performed the contract by paying Bulk the $32,807.52 due June 4, 1981, Bulk would have paid off the loan and had $32,807.52 left over. Bulk has lost the use of that sum since June 4, 1981 and to be made whole is entitled to be compensated by an award of statutory interest on this amount from June 4, 1981 to the date Sun paid Bulk the full contract price.

Id. at 485-86 (footnotes omitted).

Thus, in sum, the Second Circuit disallowed an award of prejudgment interest under CPLR § 5001 on the contract price which Bulk would have used to pay off the loan because such a recovery would constitute "a windfall." However, the Court permitted Bulk to recover the interest payments it made on the loan as incidental damages, as well as the statutory interest on the oil company's other losses beyond the loan. Id.

Here, at this time, NPN is not seeking to recover any interest payments it was required or will be required to make on the debt incurred in reliance on the contract. Rather, NPN is seeking pre-judgment interest on the recalculated damages award, including that part based on debt NPN incurred in reliance on the contract.

10

In Bulk Oil, the Second Circuit specifically allowed recovery of *statutory* interest on

Bulk's "monthly payments." Id. at 486. NPN is requesting the same type of relief here. In

other words, NPN is not requesting recovery of interest payments it made in connection with

the underlying debt. Rather, NPN is requesting *statutory* interest on the recalculated damages

award, including that part based on debt NPN incurred in reliance on the contract.

In any event, Bulk Oil did not hold that such a request cannot be granted under any

circumstances. Rather, it held that, where Sun had paid Bulk the contract price and Sun was

obligated to reimburse Bulk for Bulk's monthly payments and to pay Bulk statutory interest on

the monthly payments, Bulk could not recover statutory interest on that part of the contract

price which Bulk would have used to pay off the loan. As noted above, the Second Court

deemed any such recovery a "double recovery" or "windfall."

Here, by contrast, the Court finds that an award of pre-judgment interest based on the

recalculated jury award, including that part based on debt NPN incurred in reliance on the

contract, would not bestow a "double recovery" or "windfall" on NPN. This is because NPN

is being compensated by NOI for the loss of the time value of the jury award, not any interest

payments NPN made to third parties.

The Court's conclusion is unaffected by the fact that Bulk Oil relied in part on Article 2

of the Uniform Commercial Code.

Relatedly, the Court declines to follow the approach with regard to prejudgment

interest taken in Elvin Assocs. v. Aretha Franklin, 735 F. Supp. 1177, 1183 (S.D.N.Y. 1990).

There, after a bench trial, the plaintiff musical producer, who relied on Aretha Franklin's

promise to star in a musical, was awarded reliance damages for custom-made costumes, a

$12,500 production fee, the amounts paid to the composer, unpaid debts to a collaborator and

choreographer, and debts to potential investors for $72,155, which the investors lost in the

failed venture. Id.  However, the District Court agreed with the Magistrate Judge's

recommendation that the plaintiff not be awarded pre-judgment interest on the amount of the

award attributable to unpaid debts "in view of the complete lack of evidence that plaintiff will

be required to pay interest on any of these debts." Id. at 1187.

The Elvin Court did not cite any case law for its conclusion that any award of

prejudgment interest on a jury award attributable to unpaid debts turns on whether the

prevailing party was or would be required to pay interest on any of these debts.

As noted above, the Court finds that the Second Circuit in Bulk Oil did not so hold.

The Court also takes note of on McKinley Allsopp, Inc. v. Jetborne Int'l, Inc., No. 89

CIV. 1489 (PNL), 1990 WL 138959, at *9 (S.D.N.Y. Sept. 19, 1990).  There, the court entered

judgment in favor of the defendant on its counterclaim holding the Plaintiff liable for breach of

contract.  Judgment was entered in the amount of $250,000, with certain setoffs, representing

certain debt obligations undertaken by the Defendant in reliance on the contract, "together with interest." Id. It is not clear whether this interest was prejudgment interest or some other form.

In any event, for the reasons stated above, the Court declines to credit NOI's argument that NPN is not entitled to prejudgment interest on the recalculated damages award.

Having made that determination, the Court also reject NOI's argument that pre-judgment interest cannot be awarded on the recalculated damages award because NPN failed to proffer evidence at the trial that specifically distinguished between the debts it incurred in reliance on the contract and the costs it bore exclusively in reliance on the contract. NOI cites no authority for this proposition.

Further, there was no special verdict in this case. The Court further notes that NOI's argument in this regard, taken to its logical conclusion, would mandate no recovery of prejudgment interest for NPN, even for costs NPN bore exclusively in reliance on the contract.

Having rejected NOI's arguments contesting NPN's entitlement to pre-judgment interest, the Court turns to the underlying calculations. NOI does not contest NPN's specific calculations of prejudgment interest based on the recalculated damages award. Accordingly, the Court grants that part of NPN's April 28, 2015 motion for pre-judgment interest under CPLR 5001 at nine percent per annum in the amount of $2,115,281.50, owed from the date of

the breach, August 6, 2009, through the date of the jury verdict, January 23, 2015, based on the recalculated damages award of $4,300,071.

The Court also grants that part of NPN's April 28, 2015 motion for entry of judgment awarding it damages in the amount of $4,300,071, pursuant to the April 14, 2015 order.

Finally, the Court grants as unopposed that part of NPN's April 28, 2015 motion for post-judgment interest under 28 U.S.C. § 1961(a) based on the recalculated jury award at the statutory rate calculated from the date of the entry of the judgment. See Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614, 619 (2d Cir. 1996)("[t]he award of post-judgment interest is mandatory under 28 U.S.C. § 1961.").

Given the procedural complexities surrounding the issuance of an amended judgment, the prior notices of appeal, and the *supersedeas* bond, the Court directs NPN and NOI to jointly file a proposed amended judgment consistent with this order, and all prior orders in this case, on or before Friday, June 19, 2015. Should NPN and NOI fail to agree to any language in the proposed amended judgment, either party may file a separate letter in conjunction with the proposed amended judgment noting any such disagreement. Given the outstanding motions for default judgment, the case will remain open.

**SO ORDERED.**
Dated: Central Islip, New York
June 5, 2015

                                        _Arthur D. Spatt_
                                        ARTHUR D. SPATT
                                        United States District Judge